FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 1:06 pm, Jun 01, 2020

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 215-021 |
| GEORGE HUMPHREYS, | |
| Defendant. | |

## ORDER

Before the Court is Defendant George Humphreys' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 42. For the reasons below, Humphreys' motion is **DISMISSED**.

## BACKGROUND

In August 2015, under a written plea agreement, Humphreys pleaded guilty to an Information charging him with conspiracy to distribute a quantity of cocaine. Dkt. Nos. 10, 11. Rather than facing a statutory maximum term of twenty years' imprisonment, see 21 U.S.C. §§ 841(b)(1)(C), 846, Humphreys was allowed to plead to conspiracy under 18 U.S.C. § 371, which capped his sentencing exposure at five years. His advisory guideline range was twenty-seven to thirty-three months. In January 2016, the Court sentence Humphreys to twenty-seven months' imprisonment with the Bureau of Prisons ("BOP"), followed by three years' supervised release.

Humphreys did not directly appeal. He was released from BOP custody around March 2017. In October 2019, the Court revoked Humphreys' supervised release after he stipulated to violating the conditions of his release and sentenced him to the maximum twenty-four months' imprisonment. Dkt. No. 40. According to the BOP website, Humphreys is currently incarcerated at FCI Jesup in Jesup, Georgia, with a projected release date of May 2, 2021.

Now Humphreys moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Humphreys' motion is based on the COVID-19 pandemic and his concern for his health. As the Government notes, however, Humphreys has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Humphreys does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 42.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from

COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Humphreys has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Humphreys' request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

    Accordingly, Humphreys/ motion, dkt. no. 42, is **DISMISSED**.

    **SO ORDERED,** this 1st day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA